UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMIDEH GERAMIFARD<br>  11036 SE 223rd Pl Apt A<br>  Kent WA 98031<br><br>        Plaintiff<br><br>        v.<br><br>BENJAMINE HUFFMAN, in her official capacity, Acting Secretary, U.S. Department of Homeland Security;<br>JENNIFER B. HIGGINS in her official capacity, Acting Director, U.S. Citizenship and Immigration Services;<br>TED H. KIM, in his official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services,<br>  2707 Martin Luther King Jr. Ave, SE<br>  Washington, DC 20528-0485<br><br>JAMES R. MCHENRY III, in his official capacity, Acting Attorney General, Office of Attorney General, U.S. Department of Justice;<br>  950 Pennsylvania Avenue, NW<br>  Washington, DC 20530-0001<br><br>        Defendant(s). | Civil Action No: |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Tamunotonte Fenny, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: tonte@jeelani-law.com.

**INTRODUCTION**

COMES NOW HAMIDEH GERAMIFARD, (hereinafter "Plaintiff" or "Plaintiff GERAMIFARD"), by and through the undersigned attorney in the above cause and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff GERAMIFARD's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). As Plaintiff's Application has been pending for over ten years and ten months (over 130 months or 3974 days); Defendants have taken nearly 21 times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over ten years and ten months (over 130 months or 3974 days) with the United States Citizenship and Immigration Services.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as USCIS Asylum offices are fully operational and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4. Defendants also cannot reasonably continue to use USCIS Adjudication Priorities as a defense to their failure to adjudicate the Application. The Application was a priority at the time it was filed yet remains unadjudicated for a period of over ten years and ten months (over 130 months or 3974 days).

## PARTIES

5. Plaintiff GERAMIFARD is a resident of King County, Washington. She properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZSF-1400-011-940) on March 8, 2014 with the United States Citizenship and Immigration Service.

6. Defendant BENJAMINE HUFFMAN is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant HUFFMAN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

7. Defendant JENNIFER B. HIGGINS is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

8. Defendant TED H. KIM is the Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

9. Defendant JAMES R. MCHENRY III is the Acting Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

11. Venue is proper in the District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(e) in that this is the district in which a substantial amount of the events and omissions giving rise to this claim occurred.

## GENERAL ALLEGATIONS

12. Plaintiff is a citizen of Iran who properly filed her Asylum Application with USCIS on March 8, 2014 (Receipt Number: ZSF-1400-011-940). **[Exhibit A].** As of the date of this filing, Plaintiff's Application remains unadjudicated for a period of over ten years and ten months (over 130 months or 3974 dayss)**.**

13. Since March 8, 2014, USCIS has made no requests for evidence or information from the Plaintiff.

14. In the ten years and ten months (130 months or 3974 dayss) following the filing of the Application, Plaintiff has made numerous inquiries with USCIS.

15. As of this date, Plaintiff's inquiries have not amounted to any meaningful responses by USCIS, nor have Defendants made any requests for evidence or scheduled Plaintiff for her required interview. USCIS has only responded with generic statements providing that Plaintiff's case is pending the scheduling of an interview.

16. Plaintiff's Application has been pending for a period of over ten years and ten months (over 130 months or 3974 dayss).

17. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to schedule an interview for Applicant.

18. Defendant's delay and inaction is causing irreparable harm to Plaintiff as she is unable to commence her life without fear of being returned to Iran.

## VIOLATION OF THE APA

19. All prior paragraphs are re-alleged as if fully stated herein.

20. Plaintiff has a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

21. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

22. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

23. No other adequate remedy is available to Plaintiff.

24. Defendants' delay and inaction is causing irreparable harm to Plaintiff as she is unable to commence her life in the U.S. without living in fear of being forced to return to Iran, where she will certainly be persecuted, tortured, and/or killed.

25. Defendants have failed in their statutory duty to adjudicate the Application in 180 days.

26. As Plaintiff's Application has been pending for over ten years and ten months (over 130 months or 3974 dayss); Defendants have taken nearly 21 times the maximum statutory period they are given to adjudicate asylum applications.

27. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff's due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff's Application.

28. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff's Application for a period of over ten years and ten months (over 130 months or 3974 dayss) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: January 23, 2025  Respectfully submitted,

/s/ Tamunotonte Fenny
**Tamunotonte Fenny, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**tonte@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax: (973) 317-8732**
*Counsel for Plaintiff*